1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

8  SHANNAN D. MAIN,                    )   No. 1:14-CV-3053-LRS
                                       )
9               Plaintiff,             )   **ORDER GRANTING**
                                       )   **PLAINTIFF'S MOTION FOR**
10       vs.                           )   **JUDGMENT,** *INTER ALIA*
                                       )
11  CAROLYN W. COLVIN,                 )
    Acting Commissioner of Social      )
12  Security,                          )
                                       )
13              Defendant.             )
    _____)

14
15      **BEFORE THE COURT** are the Plaintiff's Motion For Summary Judgment

16  (ECF No. 20) and the Defendant's Motion For Summary Judgment (ECF No. 21).

17

18                          **JURISDICTION**

19      Shannan D. Main, Plaintiff, applied for Title XVI Supplemental Security

20  Income benefits (SSI) on October 6, 2010.  The application was denied initially

21  and on reconsideration.  Plaintiff timely requested a hearing and a hearing was

22  held on October 9, 2012, before Administrative Law Judge (ALJ) Laura Valente.

23  Plaintiff, represented by counsel, testified at the hearing, as did Trevor Duncan as

24  a vocational expert (VE).  On November 2, 2012,  the ALJ issued a decision

25  denying benefits.  The Appeals Council denied a request for review and the ALJ's

26  decision became the final decision of the Commissioner.  This decision is

27  appealable to district court pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

28

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 1**

1

## STATEMENT OF FACTS

2        The facts have been presented in the administrative transcript, the ALJ's

3  decision, the Plaintiff's and Defendant's briefs, and will only be summarized here.

4  At the time of the administrative hearing, Plaintiff was 46 years old.  She has a

5  high school education and past relevant work experience as a forklift operator,

6  construction worker, and horse trainer.  Plaintiff alleges disability since September

7  1, 2000.

8

9

## STANDARD OF REVIEW

10        "The [Commissioner's] determination that a claimant is not disabled will be

11  upheld if the findings of fact are supported by substantial evidence...." *Delgado v.*

12  *Heckler*, 722 F.2d 570, 572 (9th Cir. 1983).  Substantial evidence is more than a

13  mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975),

14  but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th

15  Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573,

16  576 (9th Cir. 1988).  "It means such relevant evidence as a reasonable mind might

17  accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

18  401, 91 S.Ct. 1420 (1971).  "[S]uch inferences and conclusions as the

19  [Commissioner] may reasonably draw from the evidence" will also be upheld.

20  *Beane v. Richardson*, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348

21  F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a

22  whole, not just the evidence supporting the decision of the Commissioner.

23  *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Thompson v. Schweiker*, 665

24  F.2d 936, 939 (9th Cir. 1982).

25        It is the role of the trier of fact, not this court to resolve conflicts in

26  evidence.  *Richardson*, 402 U.S. at 400.  If evidence supports more than one

27  rational interpretation, the court must uphold the decision of the ALJ.  *Allen v.*

28  *Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 2**

1    A decision supported by substantial evidence will still be set aside if the

2    proper legal standards were not applied in weighing the evidence and making the

3    decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433

4    (9th Cir. 1987).

5

6                                    **ISSUES**

7        Plaintiff argues the ALJ  erred: 1) by finding that her residual functional

8    capacity (RFC) determination is supported by the report of Jesse P. McClelland,

9    M.D.; and 2) improperly rejecting the opinions of Edward Liu, A.R.N.P., and Dick

10   Moen, M.S.W..

11

12                                  **DISCUSSION**

13   **SEQUENTIAL EVALUATION PROCESS**

14       The Social Security Act defines "disability" as the "inability to engage in

15   any substantial gainful activity by reason of any medically determinable physical

16   or mental impairment which can be expected to result in death or which has lasted

17   or can be expected to last for a continuous period of not less than twelve months."

18   42 U.S.C. § 1382c(a)(3)(A).  The Act also provides that a claimant shall be

19   determined to be under a disability only if her impairments are of such severity

20   that the claimant is not only unable to do her previous work but cannot,

21   considering her age, education and work experiences, engage in any other

22   substantial gainful work which exists in the national economy.  *Id.*

23       The Commissioner has established a five-step sequential evaluation process

24   for determining whether a person is disabled.  20 C.F.R. § 416.920; *Bowen v.*

25   *Yuckert*, 482 U.S. 137, 140-42, 107 S.Ct. 2287 (1987).  Step one determines if she

26   is engaged in substantial gainful activities.  If she is, benefits are denied.  20

27   C.F.R. § 416.920(a)(4)(i).  If she is not, the decision-maker proceeds to step two,

28   which determines whether the claimant has a medically severe impairment or

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 3**

1  combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant does

2  not have a severe impairment or combination of impairments, the disability claim

3  is denied.  If the impairment is severe, the evaluation proceeds to the third step,

4  which compares the claimant's impairment with a number of listed impairments

5  acknowledged by the Commissioner to be so severe as to preclude substantial

6  gainful activity.  20 C.F.R. § 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpart P, App.

7  1.  If the impairment meets or equals one of the listed impairments, the claimant is

8  conclusively presumed to be disabled.  If the impairment is not one conclusively

9  presumed to be disabling, the evaluation proceeds to the fourth step which

10  determines whether the impairment prevents the claimant from performing work

11  she has performed in the past.  If the claimant is able to perform her previous

12  work, she is not disabled.  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant cannot

13  perform this work, the fifth and final step in the process determines whether she is

14  able to perform other work in the national economy in view of her age, education

15  and work experience.  20 C.F.R. § 416.920(a)(4)(v).

16      The initial burden of proof rests upon the claimant to establish a prima facie

17  case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921

18  (9th Cir. 1971).  The initial burden is met once a claimant establishes that a

19  physical or mental impairment prevents her from engaging in her previous

20  occupation.  The burden then shifts to the Commissioner to show (1) that the

21  claimant can perform other substantial gainful activity and (2) that a "significant

22  number of jobs exist in the national economy" which claimant can perform.  *Kail*

23  *v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

24

25                              **ALJ'S FINDINGS**

26      The ALJ found the following: 1) Plaintiff has not engaged in substantial

27  gainful activity since October 6, 2010; 2) Plaintiff  has "severe" impairments

28  which include bilateral patella-femoral syndrome, right knee degenerative

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 4**

disorder, arthralgias, lower extremity cellulitis, affective disorder, anxiety
disorder, and substance abuse disorder; 3)  Plaintiff does not have an impairment
or combination of impairments that meets or equals any of the impairments listed
in  20 C.F.R. § 404 Subpart P, App. 1; 4) if Plaintiff stopped abusing substances,
she would have the residual functional capacity (RFC) to lift and/or carry 20
pounds occasionally and 10 pounds frequently; she can sit for 30 minutes at a time
after which she needs to stand and stretch for a few minutes but not away from the
work station and she can continue working while standing; in this manner, she can
sit for eight hours total in an eight hour workday; she can stand/walk for 30
minutes at a time after which she needs to sit for a few minutes, and she can
stand/walk for a total of two hours in an eight hour workday; she can occasionally
climb ramps and stairs, kneel, crouch, and crawl, but she can never climb ladders,
ropes or scaffolds; she must avoid concentrated exposure to vibrations and
workplace hazards, such as dangerous machinery and unprotected heights; she has
sufficient concentration to understand, remember and carry out simple, routine
tasks; she can maintain concentration and pace in two hour increments with usual
and customary breaks throughout an eight-hour day; she can work superficially
and occasionally with the general public; she can work in the same room or in the
vicinity as co-workers, but she should not work in coordination with them; she can
interact with supervisors on an occasional basis; 5) this RFC precludes Plaintiff
from performing her past relevant work; and 6) this RFC allows Plaintiff to
perform other jobs existing in significant numbers in the national economy
including semi-conductor bonder and assembler.  Accordingly, the ALJ concluded
the Plaintiff is not disabled.

**RESIDUAL FUNCTIONAL CAPACITY (RFC)**
    **A.  Mental RFC**
    **1. Dr. McClelland**

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 5**

1    Plaintiff was examined by Jesse P. McClelland, M.D., a psychiatrist, on July

2    8, 2011.  The doctor noted that Plaintiff had a long history of addiction to

3    substances.  Plaintiff informed him she had been clean since March 2011 when she

4    "slipped up," but then immediately had "gotten back on the wagon."  According to

5    the Plaintiff, prior to that "slip up," she had been clean for eight months and it

6    would have been an entire year of sobriety by the date of her appointment with Dr.

7    McClelland on July 8, 2011, if not for the one "slip up."  (Tr. at 589).  Dr.

8    McClelland diagnosed the Plaintiff with the following: "Major Depressive

9    Disorder, severe, recurrent, without psychotic features;" "Post Traumatic Stress

10   Disorder;" "Chronic Opioid Dependence, early full remission;" and "Cocaine

11   Dependence, sustained full remission."  He assigned the Plaintiff a Global

12   Assessment Of Functioning score of 19 due to "severe impairments in multiple

13   areas of functioning." (Tr. at p. 591)  He provided the following functional

14   assessment based on Plaintiff's psychiatric symptoms:

15           The claimant should be able to perform simple and repetitive
             tasks.  She also should be able to perform detailed and complex
16           tasks to some extent, although her concentration and memory
             has been impaired by her depression and post traumatic stress
17           disorder.

18           The claimant would likely struggle to accept instructions from
             supervisors, partly due to cognitive issues, but mostly due
19           to her extreme fear and distrustfulness towards people.  This
             would likely also impact her ability to work with coworkers
20           and the public.

21           The claimant should be able to perform work activities on a
             consistent basis without special or additional instruction.
22           The claimant would likely struggle to maintain regular
             attendance in the workplace, as she is barely able to leave the
23           house.

24           The claimant would likely be unable to deal with the usual
             stress encountered in the workplace , as she has very poor
25           coping skills.

26           The claimant likely would have interruptions during a normal
             workday from panic attacks or from the work week from being
27           too anxious and depressed to go into work.

28   (Tr. at pp. 592-93).

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 6**

1    In her decision, the ALJ discussed Dr. McClelland's assessment, noting his

2    GAF score of 19 contrasted "sharply" with the GAF score of 60 that was assessed

3    in October 2010 by Suzanne L. Rodriguez, M.S.W., of Yakima Neighborhood

4    Health Services.  (Tr. at p. 37 and p. 432).[1]  The ALJ also noted that Dr.

5    McClelland indicated Plaintiff was able to perform simple and repetitive tasks and

6    "[i]ndeed . . . added that the [Plaintiff] could perform detailed and complex tasks

7    despite finding some impairment in her concentration and memory (although

8    earlier in [his] report, he indicated that the [Plaintiff's] ability to maintain

9    concentration, persistence, or pace was within normal limits)."  (Tr. at p. 37).[2]

10    The ALJ gave "some weight to Dr. McClelland's conclusions that the claimant can

11    perform simple, routine tasks because this is not only demonstrated in the

12    objective medical evidence, but the claimant continues to perform such work at

13    least three or four days per week while in jail."  (Tr. at p. 37).  The ALJ ultimately

14    concluded her RFC assessment was supported by, among other things, the opinion

15    of "the consultative psychologist, Dr. McClelland."  (Tr. at p. 40).

16    As Plaintiff points out, what the ALJ did not specifically weigh in her RFC

17    determination (Tr. at pp. 35-40) was Dr. McClelland's opinions regarding

18    Plaintiff's abilities to accept instructions from supervisors, to work with coworkers

19    and the public, to perform work activities on a consistent basis without special or

20

21    [1]  A GAF score between 51and 60 indicates "moderate symptoms" or

22    "moderate" difficulty in social, occupational, or school functioning.  *American

23    Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders*, (4th ed.

24    Text Revision 2000)(DSM-IV-TR at p. 34).

25    [2]  It is noted that Diane Fligstein, Ph.D., the non-examining psychological

26    consultant who reviewed the record for the Social Security Administration

27    indicated the Plaintiff was "moderately limited" in her ability to maintain attention

28    and concentration for extended periods.  (Tr. at p. 114).

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 7**

1  additional instruction, to maintain regular attendance in the workplace, and to
2  cope with the usual stress in the workplace.[3]  Nor did the ALJ weigh Dr.
3  McClelland's opinion that Plaintiff "likely would have interruptions during a
4  normal workday from panic attacks or from the work week from being too anxious
5  and depressed to go into work."  Accordingly, Plaintiff contends the ALJ could
6  hardly have concluded her RFC determination was "supported" by Dr.
7  McClelland.

8        The ALJ "may not reject 'significant probative evidence' without
9  explanation."  *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995)(quoting
10  *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)(quoting *Cotter v. Harris*,
11  642 F.2d 700, 706-07 (3rd Cir. 1981))).  The "ALJ's written decision must state
12  reasons for disregarding [such] evidence."  *Id*. at 571.  Because Dr. McClelland's
13  other opined limitations were not included in the ALJ's RFC finding, it is assumed
14  the ALJ did not accord weight to them.  As such, the ALJ erred in failing to
15  articulate a reason to discredit this significant probative evidence.  This error was
16  not harmless because this evidence, if credited, may have changed the ultimate
17  disability determination.  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).  A
18  RFC determination must be "based on all of the relevant evidence in the
19  [claimant's] case."  20 C.F.R. § 416.945(a)(1).

20        Furthermore, if the RFC determination conflicts with a medical source
21  opinion, the ALJ must explain why the opinion was not adopted.  Social Security
22  Ruling (SSR) 96-8.    When an examining physician's opinion is controverted by

23  _____

24        [3] The ALJ did set forth these limitations in her discussion of Plaintiff's RFC
25  which included consideration of Plaintiff's substance abuse, otherwise known as
26  "DAA" (Drug Addiction and Alcoholism).  (Tr. at pp. 28-29).  But she did not
27  discount them there either and indeed, concluded Plaintiff was disabled with
28  consideration of her substance abuse.  (Tr. at p. 30).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 8**

another doctor's opinion, the examining physician's opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d at 830-31 (9th Cir. 1995). To the extent the ALJ disagreed with certain aspects of Dr. McClelland's opinions, she was required, at a minimum, to resolve the inconsistency by offering specific and legitimate reasons supported by substantial evidence in the record for doing so. The ALJ did not do so and this court is not permitted to make ad hoc rationalizations for the ALJ. *Levin v. Schweiker*, 654 F.2d 631, 634-35 (9th Cir. 1981); *Barbato v. Comm'r*, 923 F.Supp. 1273, 1276 n.2 (C.D. Cal. 1996). A reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)). In sum, the court must decline the Commissioner's invitation to draw reasonable "inferences" that the ALJ provided reasons, and specific and legitimate ones at that, to discount the other limitations opined by Dr. McClelland.

For reasons discussed below, the court will remand this matter for further administrative proceedings in order for the ALJ to explicitly address the other limitations opined by Dr. McClelland.


### 2. Dick Moen, M.S.W.

In July 2010, Plaintiff was evaluated by a mental therapist at Central Washington Comprehensive Mental Health (CWCMH). Dick Moen, M.S.W., diagnosed the Plaintiff with Depressive Disorder NOS (Not Otherwise Specified) and with PTSD (Post-Traumatic Stress Disorder). (Tr. at p. 635). He opined that Plaintiff is markedly limited in her ability to relate appropriately to co-workers and supervisors because she is "fearful of men." (Tr. at p. 636). He also opined that Plaintiff is markedly limited in her ability to respond appropriately and tolerate the pressures and expectations of a normal work setting because she "[g]ets too

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 9**

1   anxious around men and would leave." (Tr. at p. 636).  The ALJ errantly

2   attributed these opinions to Edward Liu, A.R.N.P., but nevertheless chose to give

3   them "little weight" because there was not an "adequate" explanation of "the

4   reasons for such extreme opinions that are inconsistent with the objective medical

5   evidence; and other factors, such as the claimant's drug abuse, tend to refute

6   [these] opinions."  (Tr. at p. 636).

7        Nurse practitioners, physicians' assistants, and therapists (physical and

8   mental health) are not "acceptable medical sources" for the purpose of establishing

9   if a claimant has a medically determinable impairment.  20 C.F.R. § 416.913(a).

10  Their opinions are, however, relevant to show the severity of an impairment and

11  how it affects a claimant's ability to work.  20 C.F.R. § 416.913(d).  An ALJ can

12  reject opinions from these "other source[s]" by providing "germane" reasons for

13  doing so.  *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010).[4]

14        It appears Dr. McClelland provides the explanation the ALJ deemed

15  missing from Mr. Moen's evaluation.  In his report, Dr. McClelland describes how

16  the Plaintiff was brutally beaten by a male acquaintance in 2007, leaving her

17  scared to be around strange people, especially men.  (Tr. at p. 588).  Dr.

18  McClelland stated in his report:

19              [T]he claimant's post traumatic stress disorder continues to
            be exacerbated by the fact her assailant is getting out of
20          prison soon and the claimant has been warned by several
            individuals that there continues to be a threat from this
21          individual because he blames her because he got caught.
            The claimant is very scared of this and it makes her
22          post traumatic stress disorder symptoms extremely severe
            and difficult to deal with.

23  (Tr. at p. 592).

24

25  _____

26        [4]  The fact that Dr. Rodenberg signed Mr. Moen's evaluation in his capacity

27  as the "releasing authority" does not transform Mr. Moen's opinion into one

28  originating from an acceptable medical source.

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 10**

It is noted that the marked limitations opined by Mr. Moen appear consistent with those opined by Dr. McClelland which were not addressed by the ALJ and which she provided no reasons to discount. Accordingly, this court cannot conclude the ALJ provided "germane" reasons to discount Mr. Moen's opinions until it is determined whether there are any "specific and legitimate reasons" to reject the opinions of Dr. McClelland.

**B.  Physical RFC**

**1.  Edward Liu, A.R.N.P.**

The ALJ provided a "germane" reason for discounting the opinions of nurse practitioner Liu regarding Plaintiff's physical limitations. She noted that Mr. Liu opined that these limitations would last only three months. (Tr. at p. 29 and p. 449). To be considered "disabling," an impairment and its attendant limitations must have lasted or be expected to last at least 12 months. 42 U.S.C. § 1382c(a)(3); 20 C.F.R. § 416.909.

**REMAND**

It cannot be concluded from the record that the ALJ effectively "accepted" those limitations opined by Dr. McClelland which the ALJ did not address in her decision, such that those limitations should be credited as true, the Plaintiff should be deemed disabled, and the matter remanded for immediate payment of benefits.

Before a case may be remanded to an ALJ with instructions to award benefits, three requirements must be met: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 11**

1    The ALJ did not fail to provide legally sufficient reasons for discounting the

2  limitations opined by Dr. McClelland.  Instead, the ALJ articulated **no** reasons for

3  discounting those limitations.  Dr. McClelland's opinions have yet to be properly

4  or "improperly" discredited by the ALJ.  Because this record is "uncertain and

5  ambiguous, the proper approach is to remand the case to the agency" for further

6  proceedings.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th

7  Cir. 2014).[5]  The three elements set forth above are not satisfied and as such, this

8  is not a case raising "rare circumstances" that allow the court to exercise its

9  discretion to remand for an award of benefits.  *Id.* at 1103.  Generally, when the

10  Social Security Administration does not determine a claimant's application

11  properly, "'the proper course, except in rare circumstances, is to remand to the

12  agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379

13  F.3d 587, 595 (9th Cir. 2004).

14

15                                **CONCLUSION**

16    Plaintiff's Motion For Summary Judgment (ECF No. 20) is **GRANTED** and

17  Defendant's Motion For Summary Judgment (ECF No. 21) is **DENIED**.  The

18  Commissioner's decision is **REVERSED** and pursuant to sentence four of 42

19  _____

20    [5]  Two recent district court decisions illustrate that where the ALJ fails to

21  address limitations opined by a medical source, the proper course is to remand to

22  the agency for the purpose of conducting additional proceedings.  See *Rose v.*

23  *Colvin*, 2014 WL 4097431 at *4 (W.D. Wash. 2014)(failure to address memory

24  limitations opined by examining psychologist); and *Marquez v. Colvin*, 2013 WL

25  4736829 at *8 (E.D. Cal. 2013)(ALJ failed to address environmental restrictions

26  opined by treating physician and case was remanded "to allow the ALJ an

27  opportunity to clarify what limitations are applicable and incorporate any

28  limitations into the RFC").

**ORDER GRANTING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT- 12**

U.S.C. §405(g) and § 1383(c)(3), this matter is **REMANDED** to the Commissioner for additional proceedings and/or findings consistent with this order.  An application for attorney fees may be filed by separate motion.

**IT IS SO ORDERED.**  The District Executive shall enter judgment accordingly and forward copies of the judgment and this order to counsel of record.

**DATED** this   11th   of March, 2015.


*s/Lonny R. Suko*

_____
LONNY R. SUKO
Senior United States District Judge

**ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT- 13**